

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# USA v. Sargeant

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sargeant" (2006). *2006 Decisions.* Paper 1383.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1383

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1593

UNITED STATES OF AMERICA

v.

CRAIG SARGEANT
a/k/a Obina Onyiah

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 03-cr-00374-1)
District Judge: Hon. Sylvia H. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2006

Before: McKEE, SMITH and VAN ANTWERPEN,
Circuit Judges

(Opinion filed:    March 27, 2006)

OPINION

McKEE, Circuit Judge.

Craig Sargeant appeals the district court's imposition of sentence following his

guilty plea to firearms charges. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write primarily for the parties, we need not recite the procedural

or factual background of this case except insofar as may be helpful to our brief

discussion.

The PSR that was prepared following Sargeant's guilty plea calculated his total

offense level as 33, and his criminal history category as V.  That yielded a guidelines

range of 210-262 months.  However, the PSR recommended 180 months because that is

the statutory maximum.  Sargeant's objections to the PSR were withdrawn at sentencing.

At the sentencing hearing, the government recommended a downward departure

from the negotiated plea of 180 months to 132 months, because of the substantial

assistance Sargeant had provided, and several witnesses testified, including Sargeant.

The district court granted a downward departure and sentenced Sargeant to an aggregate

term of imprisonment of 120 months, consisting of 96 months on count I of the

indictment and 24 consecutive months on the information he pled to.  The court also

imposed a fine, special assessments, and a two-year aggregate term of supervised release.

In imposing sentence, the district court made the following findings in support of the

departure:

> [T]he Court, pursuant to *U.S. v. Torres*,[1] makes the[se] findings in support
> of the downward departure: First of all, the Court adopts paragraphs 7 and
> it subdivision, but in addition, would note that his New York City
> information produced 12 arrests, numerous guns, and numerous amounts of
> drugs, that his Philadelphia cooperation, in addition to that set forth by the
> Government, did give significant information concerning a murder, which,
> however, the Court notes has not been pursued by Philadelphia authorities
> to conclusion at this date.  The Court notes that, by all officers' testimony,

---

[1]251 F.3d 138 (3d Cir. 2001).

the information was reliable, and the Court also notes that the information has apparently now produced a situation where the Defendant's cooperation does entail potential risk and danger to the Defendant.

App. 165.  The district court also explained:

> The following statement of reasons for the sentence is as follows: The Court adopts the pre-sentence report and the guideline application and *has also considered all factors set forth in 18 U.S.C. § 3553(a)*.  The fine is below the guideline range because of the Defendant's inability to pay.  The sentence departs from the guideline upon motion of the Government for a downward departure.

App. 165.  (emphasis added).  The district court further elaborated the reasoning behind the sentence by explaining that it had "tried to strike a balance between [Sargeant's] cooperation, criminal history, and the extensive involvement in the this particular offense, *as well as considerations of § 3553(a)*." App. 166 (emphasis added).  In addition, the court included in its Statement of Reasons that it "notes the advisory status of the sentencing guidelines and *has considered the provision of 18 U.S.C. § 3553(a)*." (Statement of Reasons 3) (submitted under seal) (emphasis added).

Sargeant now alleges that this explanation is insufficient for appellate review and he is entitled to resentencing because the sentence was therefore "unreasonable."

.                                   **II.**

It is now clear that sentencing ranges prescribed by the Sentencing Guidelines are advisory only. *See United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). Accordingly, district courts must consider those Guidelines as well as the factors set forth

in 18 U.S.C. § 3553(a), in determining an appropriate sentence.[2] *Id*. at 764-65. We review sentences to determine if they are reasonable.[3] *Id.* at 765, 767.

*Booker* did not affect § 3553(a). 125 S.Ct. at 766. ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing."). Section 3553(a) requires that a district court "impose a sentence sufficient, but not greater than necessary" to meet the four purposes of sentencing set forth in § 3553(a)(2). Those four purposes are "retribution, deterrence, incapacitation and rehabilitation." *United States v. Denardi*, 892 F.2d 269, 276 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006) we held that post-*Booker*:

> The record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the 3553(a) factors if the record makes clear that the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are not advisory.
>
> On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address

---

[2]Sargeant was sentenced on February 17, 2005, a little over one month after *Booker* was decided. The district court was fully aware that it was sentencing Sargeant under *Booker*.

[3]We have jurisdiction to review Sargeant's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of law.") *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

it.

*Id.* at 329 (citations and internal quotations omitted).

Sargeant is not arguing that the district court failed to consider the § 3553(a) factors when it sentenced him.[4]  Indeed, he could not make that argument because it is clear that it did consider them.  Rather, he argues that the district court's failure to articulate its consideration of those factors makes his sentence unreviewable and, therefore, unreasonable.  However, *Cooper* does not require an express articulation of the factors so long as it is clear on the record that the district court considered them.  Sargeant does not identify any § 3553(a) factor that would make his sentence unreasonable.   Moreover, Sargeant would be hard-pressed to even make a plausible argument that his sentence of 120 months was unreasonable since that sentence is 5 years less the applicable statutory maximum that he was exposed to.

---

[4]Sargeant did not object at sentencing to the district court's failure to explain its consideration of the § 3553(a) factors.  Thus, he has the burden of establishing plain error.  The standard for establishing plain error is as follows:

> There must be an "error" that is "plain" and that affects substantial rights. The deviation from a legal rule is "error," and an error is "plain" if it is "clear" or "obvious." In most cases, an error affects substantial rights if it is prejudicial, i.e., affected the outcome of the district court proceedings. When such an error exists, the Court of Appeals has authority to order correction, but is not required to do so.  We will exercise our discretion and vacate the sentence if the plain error affecting substantial rights also seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998).

## IV.

For the above reasons, we will affirm the district court.

———————